COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Bumgardner


VIJAY DATT
                                    MEMORANDUM OPINION[*]
v.        Record No. 2413-97-4          PER CURIAM
                                     APRIL 21, 1998
ALEXANDRIA DIVISION
 OF SOCIAL SERVICES


          FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                    Donald M. Haddock, Judge

          (Gary H. Smith, on brief), for appellant.

          (Molly A. Smith, Assistant Commonwealth's
          Attorney, on brief), for appellee.


     Vijay Datt (father) appeals the decision of the circuit

court terminating his residual parental rights.  Father contends

that the evidence was insufficient as a matter of law to prove

that he (1) could not substantially correct or eliminate within a

reasonable time the conditions which resulted in his children's

foster care placement, see Code § 16.1-283(B)(2); and (2) was

unwilling or unable within a reasonable period of time to remedy

substantially the conditions which led to his children's foster

care placement, see Code § 16.1-283(C)(2).  Upon reviewing the

record and briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the decision of

the trial court.  See Rule 5A:27.
          "In matters of a child's welfare, trial
          courts are vested with broad discretion in

_____
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

> making the decisions necessary to guard and to foster a child's best interests." The trial court's judgment, "when based on evidence heard <u>ore tenus</u>, will not be disturbed on appeal unless plainly wrong or without evidence to support it."

<u>Logan v. Fairfax County Dep't of Human Dev.</u>, 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991) (citations omitted).

The Alexandria Division of Social Services (DSS) was required to present clear and convincing evidence sufficient to satisfy the requirements of Code § 16.1-283.

> Code § 16.1-283 embodies "[t]he statutory scheme for the . . . termination of residual parental rights in this Commonwealth" [which] . . . "provides detailed procedures designed to protect the rights of the parents and their child," balancing their interests while seeking to preserve the family. However, we have consistently held that "[t]he child's best interest is the paramount concern."

<u>Lecky v. Reed</u>, 20 Va. App. 306, 311, 456 S.E.2d 538, 540 (1995) (citations omitted).

<u>Code § 16.1-283(B)</u>

The trial court found that DSS presented clear and convincing evidence that it was in the best interests of the children to terminate father's parental rights. The court concluded that the neglect suffered by the children presented a serious and substantial threat to their life, health or development and that it was not reasonably likely that the conditions which resulted in their neglect could be substantially corrected or eliminated within a reasonable period of time. <u>See</u> Code § 16.1-283(B)(2). The court also found that DSS presented

2

prima facie evidence of the conditions set out in Code § 16.1-283(B)(2) by proving that father habitually abused or was addicted to alcohol to the extent that his parental ability was seriously impaired and that father "has without good cause not responded to or followed through with the recommended and available treatment, which could have improved the capacity for adequate parental functioning." See Code § 16.1-283(B)(2)(b).

The evidence established that father was addicted to alcohol. DSS repeatedly provided father with alcohol-related counseling and treatment services. Between May 1996 and mid-1997, father attended alcohol abuse programs at the Salvation Army, the Alexandria Substance Abuse Program, and the Men's Day Support Program. Despite this assistance, father was intoxicated during court appearances and visitation times. The evidence also demonstrated that father's intoxication placed the children at risk. While the court noted that father voluntarily entered Alcoholics Anonymous shortly before the trial, the court did not believe that effort would fare any better than his previous efforts.

The evidence also established that the children faced neglect and abuse while in the custody of their parents. DSS repeatedly identified hygiene, housing, supervision, parenting issues, school attendance, and domestic violence as problems within the family. The oldest child, who has cerebral palsy, regularly came to school with unclean clothing and underwear, an

3

unwashed face, and unbrushed teeth and hair. He was unable to feed himself with a fork, and his parents expected him to eat his food face down from his plate. His wheelchair was encrusted with dead roaches. The younger children had better hygiene, but their attendance at school was poor, and they dressed in clothing that was inappropriate for the weather. A DSS social worker testified that the parents continued to have problems with housing and domestic violence.

The evidence indicated that the children thrived, physically and emotionally, while in foster care. The boy gained weight, increased strength, and excelled in school. The two girls, who were in the same foster home, were also doing well, and appeared bonded emotionally to their foster parents. The children expressed the desire to see each other. There was evidence that the middle child had some difficulty dealing with father's diminished role and would need emotional counselling.

The record supports the trial court's finding that DSS established by clear and convincing evidence that termination of father's parental rights was in the best interests of the children and that it was not reasonably likely that the conditions which resulted in their neglect could be substantially corrected or eliminated within a reasonable period of time.

### Code § 16.1-283(C)

Code § 16.1-283(C) provides, in pertinent part, that the court may terminate residual parental rights to a child placed in

4

foster care as a result of court commitment, an entrustment agreement or other voluntary relinquishment, "if the court finds, based upon clear and convincing evidence, that it is in the best interests of the child" and that the parent, without good cause, has been "unwilling or unable within a reasonable period not to exceed twelve months to remedy substantially the conditions which led to the child's foster care placement," despite "reasonable and appropriate efforts" from "social, medical, mental health or other rehabilitative agencies to such end." Code § 16.1-283(C)(2). Evidence that the parent failed, without good cause, "to make reasonable progress towards the elimination of the conditions which led to the child's foster care placement in accordance with . . . a [jointly designed and agreed upon] foster care plan" is prima facie evidence that the parent was unwilling or unable to substantially remedy the underlying conditions. Code § 16.1-283(C)(3)(b).

DSS presented evidence concerning father's alcohol abuse and spousal abuse, and of its efforts to assist father in addressing those conditions. Despite extensive intervention, father was unwilling or unable to remedy his problems with alcohol. A DSS social worker noted that father came to visitation many times under the influence of alcohol, including as recently as July 1997. Credible evidence supports the trial court's findings.

Accordingly, the decision of the circuit court is summarily affirmed.

5

<u>Affirmed</u>.